ORIGINAL

FILED
U.S. DISTRICT COURT

2008 DEC -4 PM 12: 15

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MAKUSHAMARI GOZO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 308-101 |
| | ) | |
| MICHAEL CHERTOFF, Secretary for the | ) | |
| Department of Homeland Security, and | ) | |
| RAYMOND SIMONSE, Field Office | ) | |
| Director for the Bureau of Immigration and | ) | |
| Customs Enforcement, | ) | |
| | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate incarcerated at Etowah County Jail, in Gadsden, Alabama, ostensibly filed the instant petition pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED** and that this civil action be **CLOSED**.[1]

**I. BACKGROUND**

As Petitioner's history of filings reveals that Petitioner has filed a similar habeas petition in the Northern District of Georgia in the matter of Gozo v. Chertoff, CV 107-1429 (N.D. Ga. June 18, 2007) (hereinafter "CV 107-1429"), the Court takes judicial notice of the

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

documents Petitioner has filed in that case.[2] Petitioner is a citizen of the country of Zimbabwe and was admitted to the United States as an F-1 non-immigrant student to attend Johns Hopkins University. CV 107-1429, doc. no. 10, Ex. 1, p. 1. On August 23, 2002, Petitioner was arrested by agents for the Federal Bureau of Investigation ("FBI") for using others' social security numbers to open bank accounts in order to qualify for real property loans in the Baltimore, Maryland area. Id. at 2. Because Petitioner had failed to maintain his full-time academic status, he was deportable. Id. Petitioner later pled guilty to six counts of bank fraud, two counts of mail fraud, and one count of wire fraud and was sentenced to concurrent sentences of 57 months of imprisonment on each count. United States v. Gozo, 188 Fed. App'x 189, 189 (4th Cir. 2004). Petitioner's appeal of his sentence was dismissed. Id. at 190. Because he was convicted of an aggravated felony, he is now deportable as an aggravated felon. CV 107-1429, doc. no. 10, Ex. 1, p. 2.

On August 18, 2006, Immigration and Customs Enforcement ("ICE") officials served Petitioner with a notice of intent to issue a final administrative removal order while he was incarcerated at McRae Correctional Facility in McRae, Georgia. Id. at 3; doc. no. 1, p. 6. On November 7, 2006, Petitioner was served with a final administrative order of removal

---

[2]The Court has the authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts."). Furthermore, the Court may take judicial notice of the records of other federal district courts regarding Petitioner's prior habeas proceedings. See Moore v. Estelle, 526 F.2d 690, 694 (5th Cir. 1976)("In considering this habeas corpus appeal we take judicial notice of prior habeas proceedings brought by this appellant in connection with the same conviction . . . . For a proper understanding of protracted litigation we may draw upon the records in all the preceding cases." (citations omitted)). The records relied on are attached to this Report and Recommendation as Exhibit A.

while incarcerated at Stewart Detention Center in Lumpkin, Georgia. CV 107-1429, doc. no. 10, Ex. 1, p. 2. Petitioner filed for relief, contending that he should not be deported because he was in fear of persecution or torture. Id. at 2. United States Citizenship and Immigration Services, a bureau within the Department of Homeland Security, concluded that this claim was credible and referred the case to an immigration judge for a withholding-only hearing. Id. The immigration judge denied Petitioner's motion to terminate proceedings because the Fourth Circuit had dismissed Petitioner's appeal of his criminal sentence. Id. at 3-4. Petitioner's interlocutory appeal was denied, and on May 23, 2007, the immigration judge ordered Petitioner removed from the United States. Id. at 4. Petitioner then appealed his entire case, and the Board of Immigration of Appeals ("BIA") remanded the case back to the immigration judge to locate the record of proceedings or institute further proceedings to create a record. CV 107-1429, doc. no. 19, at 4.[3] On December 10, 2007, the BIA dismissed Petitioner's appeal after he failed to file a brief as required by the administrative process. Id. (citing doc. no. 16).

In the instant petition, Petitioner makes various, nearly incoherent allegations. Among them are the following: (1) Respondents are attempting to deport Petitioner using "a defective fraudulent travel document," which Petitioner has been denied the opportunity to review; (2) Petitioner was "fraudulently charged" with the felonies listed above; (3) unnamed persons served Petitioner with a "reciprocally fraudulently defective notice of intent to issue a final administrative removal order" while he was incarcerated at McRae Correctional Facility, which Petitioner was denied the opportunity to contest; (4) Petitioner

---

[3]This document is attached to this Report and Recommendation as Exhibit B.

3

was denied "a list of free [i]mmigration counsel"; (5) Petitioner was denied the opportunity to contact any consulate; (6) Respondents issued Petitioner a "reciprocally fraudulently defective final administrative removal order"; (7) Respondents devised a scheme to defraud the citizens of the United States by keeping him in "unlawfully cruel and unusual[ly] punitive custody"; and (8) as a result of their misconduct, Respondents tortiously interfered with some unspecified financial advantage of Petitioner. (Doc. no. 1, pp. 4-11). At the close of his petition, Petitioner finally requests that the Court terminate the removal proceedings because they are based on "fraudulently defective charging documents." (Id. at 12).

## II. DISCUSSION

### A. Challenge to Removal Proceedings

While the Court is aware of all Petitioner's allegations against Respondents, it finds that Petitioner has simply provided these details in support of his ultimate request that the Court terminate the removal proceedings presently pending before it. The REAL ID Act of 2005,[4] H.R. 1268, 109th Cong. (2005), Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("REAL ID Act"), amended the judicial review provisions of 8 U.S.C. § 1252 to provide that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . [which includes] habeas corpus review pursuant to section 2241 of Title 28." 8 U.S.C. § 1252(a)(5). Section 1252 plainly divests this Court of any jurisdiction to entertain a collateral challenge to a final order of removal; in short, "[t]he

---

[4] The actual name of the Act is the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005;" however, it is more commonly known and referred to as the REAL ID Act.

4

provisions of 28 U.S.C. § 2241(a) no longer play any role in immigration cases." Balogun v. U.S. Attorney Gen., 425 F.3d 1356, 1360 (11th Cir. 2005). To the extent Petitioner is challenging the final order of removal entered against him, he has filed his petition in the wrong court.

**B.     Challenge to Conviction**

As noted above, the Court finds that Petitioner's allegations were provided in support of his request that the Court terminate the removal proceedings. In an abundance of caution, however, the Court turns its attention to Petitioner's challenge to his conviction, inasmuch he alleges that the charges to which he pled guilty were "fraudulent." Although a federal prisoner may resort to § 2241 to challenge the execution of his sentence by the Federal Bureau of Prisons, Petitioner is instead challenging the fundamental validity of his sentence, not its execution, as he alleges that the charges leading to the imposition of his sentence were not valid to begin with. Such claims are properly brought in a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(a). Section 2255 motions must be filed in the court of conviction--here, the District of Maryland. Id.; see generally United States v. Gozo, CR 102-390 (D. Md. Aug. 29, 2002) (noting that Petitioner was convicted in the District of Maryland). Thus, this Court lacks jurisdiction to grant Petitioner the relief he requests. See, e.g., United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990).

Furthermore, a federal prisoner may resort to § 2241 upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28

5

U.S.C. § 2255(e); see also Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*) (discussing applicability of § 2255's "savings clause"). However, Petitioner has made no attempt to argue that he is entitled to invoke the so-called "savings clause" of § 2255; nor does any reason to suppose that Petitioner is entitled to proceed under § 2241 leap out of his petition. Therefore, it does not appear that Petitioner is entitled to relief.[5]

### III. CONCLUSION

Accordingly, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of December, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5] Even if a § 2241 petition were the proper vehicle for Petitioner to bring his claims, this Court could not make any determination regarding Petitioner's claims because Petitioner is currently incarcerated in Gadsen, Alabama, and a § 2241 petition must be brought in the district of incarceration. See 28 U.S.C. § 2241(a).

6